

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP:SLT
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 18, 2013

By Hand and ECF
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                    Re:   United States v. Hasan Kurti
                          Criminal Docket No. 11-486 (S-1)(DLI)

Dear Judge Irizarry:

          The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for September 26, 2013.  For the reasons stated below, the government respectfully requests that the Court sentence the defendant within the applicable advisory Guidelines range of 30 to 37 months.

I.         Background

          In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe.  (Presentence Report ("PSR") ¶¶ 4-6).

          During the course of the conspiracy, beginning in late 2008 or early 2009, the defendant partnered with co-conspirator Enis Djurkovic[1] in purchasing marijuana for distribution that had been imported by Canadian traffickers and smuggled through a Native American reservation straddling the U.S. – Canadian border.  In order to facilitate these transactions, Hasan Kurti

---

[1] Djurkovic was prosecuted in a separate case, see United States v. Randolf Square et al., 08 CR 916 (SLT), and was sentenced by Your Honor to 30 years in prison.

and Enis Djurkovic traveled up to the Akwesasne Native American Reservation and met with a narcotics transporter who had previously worked with Hasan's brother Ibrahim Kurti.  Based on Hasan Kurti "vouching" for Djurkovic (and representing that his brother Ibrahim also vouched for Djurkovic), the transporter began sending shipments of marijuana to Djurkovic and Hasan Kurti in New York.  A short time later, Djurkovic, the transporter and numerous other members of the drug trafficking organization in Canada were arrested by agents from the DEA.

Following the arrest of Djurkovic, Hasan Kurti partnered with co-defendant Joseph Bux and began purchasing marijuana for distribution from other sources of supply, most notably, co-defendant Gjavit Thaqi.  They continued distributing marijuana supplied by Thaqi until their arrests in July 2011. The defendant is accountable for distributing at least 100 kilograms of marijuana.

On May 2, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the superseding indictment, charging the defendant with conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

II.  Discussion

A.  Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005).  However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine

whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented."  Id. at 49-50 (citation and footnote omitted).

    B.   The Advisory Guidelines Range Is 30 to 37 Months

        The Probation Department has determined that the defendant's adjusted offense level is 21, the defendant is in Criminal History Category I, and the advisory Guidelines sentencing range is 37 to 46 months' imprisonment.  (PSR ¶ 157).  The government supports a further two-point reduction for global disposition pursuant to Guidelines Policy Statement 5K2.0.  (PSR ¶ 172).  Including this reduction, the resulting advisory Guidelines sentencing range is 30 to 37 months.  Id.  The defendant agrees with this Guidelines calculation.

    C.   A Sentence Within the Guidelines Range Is
        Appropriate in This Case

        Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

        A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment.  18 U.S.C. § 3553(a)(2)(A).  As noted above, the defendant's offense of conviction -- conspiring to distribute over 100 kilograms of marijuana -- is a serious crime that merits a serious punishment.  While the defendant has no criminal history points, his lengthy involvement in narcotics trafficking, minor as it may be in comparison to some of the co-defendants in this case, nonetheless demonstrates an on-going lack of respect for the law.  A term of imprisonment within the advisory Guidelines range is therefore necessary in order to serve these important purposes of sentencing.

        A sentence within the advisory Guidelines range is also necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(B) & (c).  "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010).  Both

considerations support the imposition of a serious term of imprisonment in this case.  A sentence within the advisory Guidelines range is necessary to deter others who are in a position to choose between a law-abiding life and a life of crime.

IV.   Conclusion

        In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. ' 3553(a).  Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 30 to 37 months.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York

                    By:   /s/
                          _____
                          Steven L. Tiscione
                          Assistant U.S. Attorney
                          (718) 254-6317

cc:  Mary Ann Betts, U.S. Probation Officer (by E-mail)
     Florian Miedel, Esq. (by ECF)
     Clerk of Court (DLI) (by ECF)